UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL ANTHONY DELEAVER, :
: 
Petitioner :
:
v. : CIVIL NO. 3:CV-05-1905
:
PA. BOARD OF PROBATION AND : (Judge Kosik)
PAROLE, :
:
Respondent

## M E M O R A N D U M

_____Michael Anthony Deleaver is an inmate currently confined at the State Correctional Institution at Dallas, Pennsylvania.  He files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging actions by the Pennsylvania Board of Probation and Parole ("Board") with respect to the revocation of his parole and the recalculation of his new maximum expiration date.  Specifically, he contends that the Board violated the Double Jeopardy Clause when they recommitted him several times based on parole violations and recalculated his sentence as a result of those violations.  He also claims that the Board erred when it recomputed his new maximum expiration date and failed to provide him with an adequate explanation. The filing fee has been paid and the petition is ripe for consideration.  For the reasons that follow, the petition will be denied.

## I.   Background

On May 19, 1978, Deleaver was sentenced to a term of 1½ to 10 years for Burglary in Montgomery County, Pennsylvania (Case 4674).  He was paroled from this sentence on October 26, 1979.  On January 24, 1980, Deleaver was sentenced to a concurrent term of 2½ to 20 years for a second Burglary conviction in Montgomery County (Case 2348).  Both burglary convictions were run concurrently with a maximum date of October 30, 1999.

On May 20, 1980, the Board recommitted Deleaver as a convicted parole violator ("CPV") based on the second burglary conviction (Case 2348).  This is so as he was on parole from the first Burglary conviction (Case 4674) when he was sentenced on the second Burglary.  He was reparoled from the concurrent sentence on April 30, 1982.

On February 8, 1985, Deleaver was convicted of Theft by Receiving Stolen Property in Philadelphia County, Pennsylvania, and sentenced to a term of 14 months to 3 years.  The maximum date on this sentence was February 8, 1988.  The Board did not recommit Deleaver as a parole violator based upon the Theft conviction, and, as such, he remained on parole from his Burglary sentence[1] with a parole violation maximum date of October 30, 1999, despite his incarceration on the Theft sentence.

---

[1] In using the term Burglary "sentence," the Court in fact refers to the concurrent Burglary sentence.

2

On August 12, 1986, Deleaver was paroled <u>from</u> <u>the</u> <u>Theft</u> <u>sentence,</u> and completed

the Theft sentence on February 8, 1988.  He was subsequently declared delinquent

from his Burglary sentence effective February 14, 1988.

In a December 13, 1988 decision, the Board recommitted Deleaver as a

technical parole violator ("TPV") on his Burglary sentence for violating Condition #6

of his parole - - the failure to successfully complete out-patient therapy, and

recalculated his parole maximum date to June 15, 2000.  On December 29, 1989, he

was again reparoled by the Board from his Burglary sentence, again with a June 15,

2000 parole violation maximum date.

On February 1, 1991, while on parole from the Burglary sentence, Deleaver

was convicted of Delivering Cocaine in Montgomery County, Pennsylvania.  He

received a sentence of 4 to 8 years.  In a decision of April 21, 1991, the Board

recommitted Deleaver as a TPV on his Burglary sentence for violating Condition #7

of his parole (failure to attend out-patient therapy) <u>and</u> as a CPV based on the new

drug conviction.  In the April 21, 1991 decision, the Board also set forth a

recalculated parole violation maximum date on the Burglary sentence of July 21,

2007.

On May 21, 1992, Deleaver was reparoled on the Burglary sentence to his

detainer sentence (2/1/99 Drug conviction).  On September 26, 1995, he was paroled

from the Drug sentence.  Thereafter, on December 3, 2000, Deleaver was cited by the

Pottstown Borough Police Department for Driving Under the Influence ("DUI"/Driving Offense #1), and several other vehicle offenses. The Board, however, was not immediately aware of this citation. The Board subsequently declared Deleaver delinquent effective November 25, 2002.

On December 1, 2002, Deleaver was cited for Driving while Operating Privilege is Suspended or Revoked/DUI related (Driving Offense #2). On January 20, 2003, he pled guilty to Driving Offense #2 and received a sentence of 27 days time served.

In a Board decision recorded March 14, 2003, Deleaver was recommitted as a TPV on his Burglary sentence for violating several conditions of his parole: leaving the district without permission, changing address without permission, failing to report as instructed and failing to report an arrest within 72 hours. The Board recalculated a parole violation maximum date of September 17, 2007, for the Burglary sentence but indicated that the maximum date could change if Deleaver was convicted of the open charges. This new maximum date was based exclusively on Deleaver's recommitment as a TPV and the loss of credit for the period he was delinquent.

The Board thereafter learned of Deleaver's guilty plea with regard to Driving Offense #2. On May 12, 2003, Deleaver pled guilty to Driving Offense #1 and received a sentence of 30 days to 23 months to be served primarily in the

4

Montgomery County Prison.  However, the Board was not immediately made aware of the guilty plea on Driving Offense #1.

In a decision recorded on July 3, 2003, the Board again recommitted Deleaver as a TPV on his Burglary sentence for violating Condition #4 of his parole (failure to comply with all laws) based upon his plea of guilt on Driving Offense #2.  His maximum parole violation date remained at September 17, 2007, despite the recommitment for violating Condition #4 of his parole, but indicated that the decision was subject to change if convicted of open charges.  Following the action taken on July 3, 2003, the Board learned of Deleaver's DUI conviction (Driving Offense #1).

On August 29, 2003, the Board modified its prior actions of March 14, 2003 and July 3, 2003 by deleting the parole violation maximum date set forth in those decisions (9/17/07), thereby making the recommitments when available.  Deleaver was recommitted as a CPV when available based on his Driving Offense #1 conviction.[2]  The Board thereafter learned that Deleaver had been paroled from the Montgomery County Prison on the Driving Offense #1 sentence on August 4, 2003.  By decision dated January 12, 2004, Deleaver's parole violation maximum date on the Burglary sentence was recalculated to June 13, 2018.

_____

[2] He was recommitted "when available" because he was required to served his new Montgomery County sentence on Driving Offense #1 prior to serving his backtime.

On February 3, 2004, Deleaver filed an administrative appeal with the Board objecting to the June 13, 2018 parole violation maximum date. No double jeopardy claim was raised in the appeal. On February 18, 2004, the Board mailed Deleaver a response denying his appeal on the basis that the maximum date was correctly calculated. Deleaver thereafter filed an appeal with the Pennsylvania Commonwealth Court . On December 13, 2004, the Commonwealth Court affirmed the Board's decision. The Commonwealth Court also stated that Deleaver had waived his double jeopardy claim because he had not raised it in his administrative appeal to the Board. A petition for allowance of appeal filed with the Pennsylvania Supreme Court was subsequently denied on June 28, 2005. The instant habeas petition was filed on September 21, 2005.

## II.   Discussion

### A.   Exhaustion of Claims

Under 28 U.S.C. § 2254, a petitioner must exhaust his state-court remedies before a federal court can consider his claims on the merits. See Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). All claims had to have been presented to the state courts as the petitioner proceeded through his appeals, not just some of them. See Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)(all federal claims must have been presented to the state courts to satisfy the exhaustion requirement). The petitioner has the burden of proving exhaustion. Coady, 251 F.3d at 488.

If a 2254 petition contains unexhausted claims, it should be dismissed so that the petitioner can pursue state-court remedies.  See Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  However, if resort to the state courts would now be clearly foreclosed, exhaustion is "excused," although the petitioner must hurdle certain procedural barriers before being permitted to pursue his claims here.  Whitney, supra, 280 F.3d at 252-53.  Before this court can review the merits, a petitioner must first show "cause and prejudice" justifying the state-court default or, failing that, that a fundamental miscarriage of justice would result if this court did not consider the merits.  See Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000).

To satisfy the first exception, Petitioner must show : (1) cause for his failure to raise his claims in state court; and (2) prejudice to his case as a result of that failure. McCleskey v. Zant, 499 U.S. 467 (1991).  Cause must be something "external" to the defense that impeded the attempt to raise the claims in state court.  Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000).  Prejudice must be something that "worked to his actual and substantial disadvantage" as a result of the failure to raise the claims in state court.  Luby v. Brady, 1996 WL 328589, at *4 (D. Del.)(quoting United States v. Frady, 456 U.S. 152 (1982)).  The second exception, the miscarriage-of-justice test, would also allow this court to consider his claims on the merits if Petitioner could demonstrate that a fundamental miscarriage of justice would result from the failure of

the court to engage in habeas review.  See Schulp v. Delo, 513 U.S. 298, 314-15 (1995).

_____With regard to the Double Jeopardy claim, it is clear that Petitioner did not exhaust this issue in the Pennsylvania state courts.  This issue was not contained in Petitioner's administrative appeal to the Parole Board.  Although Petitioner did attempt to raise the issue in his appeal to the Commonwealth Court of Pennsylvania from the Board's denial of his administrative appeal, the Commonwealth Court found the double jeopardy issue to be waived as it was never mentioned in Deleaver's petition for administrative review.[3]

Deleaver does not establish cause in the instant case as his failure to present the issue to the Board on administrative appeal was the result of his own error.  While Petitioner contends that the double jeopardy issue was presented to the Commonwealth Court via a petition for writ of mandamus, and that said court considered his double jeopardy argument on the merits, there is no evidence of such.

---

[3]  The Luzerne County Office of the Public Defender filed the petition for review in the Commonwealth Court, and counsel was appointed.  Counsel thereafter moved for leave to withdraw.  Because the Commonwealth Court found that Petitioner's appeal was frivolous, the petition to withdraw as counsel was granted. Petitioner attempted to raise three other issues in the Commonwealth Court in addition to the "computation of the maximum expiration date" issue, which was found to be without merit.  The double jeopardy claim was found to have been waived and the other two issues found not to be viable appellate issues.  (Doc. 12, Ex. 10, Commw. Ct. Op. at 4.)

Further, Deleaver is unable to establish a fundamental miscarriage of justice as he does not claim actual innocence.  He is therefore procedurally barred from pursuing the double jeopardy claim in this federal habeas action[4].  This leaves us with the recalculation claim which no one disputes is exhausted.

While Respondent would like the court to dismiss the entire habeas petition on the grounds that it is a "mixed petition," that is, one which contains both exhausted and unexhausted claims, the court declines to do so for the following reason. Pursuant to § 2254(b)(2), an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**B.    Merits of Recalculation Issue**

Deleaver argues that the Board erred in recalculating his parole violation maximum date on the Burglary sentence when they modified their August 29, 2003 Order and recomputed the date changing it from September 17, 2007 to June 13, 2018.[5]  He further argues that the Board violated his equal protection rights because it does not, in every instance, employ procedures of recomputing a convicted parolee's maximum sentence when recommitted as a direct parole violator.

---

[4]  The Court notes that although Deleaver did file a Traverse in this case, he does not respond to Respondent's contention that he has procedurally defaulted the double jeopardy claim.  He simply addresses the recalculation issue.

[5]  Deleaver does not contest the prior parole violation maximum dates of July 21, 2007 or September 17, 2007.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this federal habeas court may overturn the state court's resolution of the merits of this sentencing issue only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §2254(d)(1).

The Pennsylvania Commonwealth Court considered Deleaver's recalculation argument and found as follows:

> With respect to whether or not the Board erred in modifying its August 29, 2003 order and in recalculating Deleaver's maximum expiration date, Counsel presents Deleaver's contention that he was available to begin serving his state sentence on August 13, 2003, the date of his latest parole hearing.  It is Deleaver's contention that in recalculating his new maximum expiration date, the Board should have given him credit from the aforementioned date of August 13, 2003 to the date of his last Board order, January 12, 2004. Counsel also presents Deleaver's argument that the Board erred and violated his constitutional rights when it recomputed his new maximum expiration date without providing him with an adequate explanation.
>
> Counsel points to the record indicating that on May 12, 2003, Deleaver pled guilty to driving under the influence as well as driving under suspension.  A parole revocation hearing was conducted on August 13, 2003, at which the foregoing guilty pleas were submitted as evidence, which Deleaver did not contest.  As a result of the aforementioned guilty pleas, Deleaver was recommitted as a direct parole violator by the Board's revocation decision mailed September 3, 2003.  Additionally, the Board, by its January 12, 2004 order, recalculated Deleaver's maximum term expiration date to June 13, 2018.  The record indicates that the recalculation order credited Deleaver's 20-year state

prison sentence on his original burglary offenses with the 3 months and 21 days from January 21, 2003 (the date a Board warrant was lodged) to May 12, 2003 (the date of sentencing on his driving offenses), which reduced the amount to time remaining on his original state sentence to 14 years, 10 months, and 9 days. Further, the record reflects that the recalculation order credited Deleaver with the 5 months and 3 days from August 9, 2003 (in actuality August 4, 2003, the date when Deleaver was paroled from his new sentence and became available to serve backtime) to January 12, 2004, the date of the Board's order from which Deleaver appeals. The Board then added the aforementioned unserved 14 years, 10 months, and 9 days (the remainder of Deleaver's 20-year state sentence on his initial offenses) to August 4, 2003, and arrived at the recalculated maximum term expiration date of June 13, 2018.

Upon our own independent review of the record, we concur with Counsel's determination that the Board did not err in its recalculation of Deleaver's maximum term expiration date. With regard to Deleaver's complaint that the Board's order of January 12, 2004 failed to explain how the recalculated maximum expiration date was obtained, the Board remedied this through a letter mailed to Deleaver on February 18, 2004, explaining the recalculation in detail.

(Doc. 12, Ex. 10, Pa. Commw. Ct. Op. dated 12/13/04 at 4-6.)

There is no evidence in the record that the calculation of Deleaver's sentence offends any federal law. Individuals have no constitutionally protected liberty interest in a claim to parole cognizable under due process. See Ayala v. Commonwealth of Pa. Bd. of Probation and Parole, 2003 WL 23142180, at *6 (E.D. Pa. Dec. 29, 2003). The possibility of parole creates no constitutional rights for prisoners, this much is well established. See Greenholtz v. Inmates of Neb. Penal and

Corr. Complex, 442 U.S. 1 (1979).  Furthermore, parole is not a protected liberty

interest under Pennsylvania state law.  See Rogers v. Pa. Bd. of Probation and Parole,

555 Pa. 285, 724 A.2d 319 (1999); Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996).

Pennsylvania's Parole Act, Pa. Stat. Ann. 61, § 331.21a(a) (West 2004) sets forth the

consequences for a parolee who commits a new crime while on parole.  When the

Board recommits a convicted parole violator, that individual must serve the remainder

of the term that he would have been compelled to serve had he not been paroled, and

he is given no credit for the time spent while out on parole.  Section 331.21a(a)

provides, in relevant part, as follows:

> (a)   Convicted Violators.  Any parolee under the
> jurisdiction of the Pennsylvania Board of Parole
> released from any penal institution of the
> Commonwealth who, during the period of parole or
> while delinquent of parole, commits any crime
> punishable by imprisonment, from which he is
> convicted or found guilty or nolo contendere at any
> time thereafter in a court of record, may, at the
> discretion of the board, be recommitted as a parole
> violator.  If his recommitment is so ordered, he shall
> be reentered to serve the remainder of the term which
> said parolee would have been compelled to serve had
> he not been paroled, and he shall be given no credit
> for the time at liberty on parole.  The period of time
> for which the parole violator is required to serve shall
> be computed from and begin on the date that he is
> taken into custody to be returned to the institution as
> a parole violator.
>
> If a new sentence is imposed upon such
> parolee, the service of the balance of said term
> originally imposed shall precede the

> commencement of the new term imposed . . .
> [i]f a person is paroled from any State penal or
> correctional institution . . . and the new
> sentence imposed upon him is to be served in
> any such State penal or correctional institution.

61 P.S. § 331.21a(a).   In the instant case, Deleaver's parole violation maximum date was first changed from July 21, 2007 to September 17, 2007 based on his recommitment as a TPV because the Board was unaware of his conviction on Driving Offense #1.   This recommitment as a TPV only required Deleaver to lose credit for the period he was delinquent.   See 61 P.S. § 331.21a(b).   Upon the Board's learning of this conviction, it exercised its discretion and recommitted Deleaver as a CPV pursuant to August 29, 2003 decision.

Once this recommitment as a CPV occurred, Deleaver then lost all credit for the period of time he was on parole as set forth in § 331.21a(a).   Further, because he was paroled from a state correctional institution and received a new sentence to be served in a county correctional institution, Deleaver was required to serve his new county sentence first.   Id.   When he was ultimately paroled from his county sentence on August 4, 2003, the Board was not made aware and, as such, the August 29, 2003 decision deleted the prior maximum date of September 17, 2007, and placed Deleaver in a "when available" status pending completion of the county sentence.

Upon learning of Deleaver's parole from the county sentence, the parole violation maximum date was recalculated to June 13, 2018 as follows.   When

13

Deleaver was paroled from his burglary sentence on May 21, 1992, his maximum date was July 21, 2007, which left 15 years and 2 months remaining on said sentence. Deleaver does not contest the July 21, 2007 date.  Based on his recommitment as a CPV, he forfeited all credit for the period he was on parole, in compliance with §331.21a(a), which meant he still had 15 years and 2 months remaining on his sentence.

Deleaver received 3 months and 21 days of backtime credit for the period he was confined from January 21, 2003 (date Board warrant was lodged) to May 12, 2003 (date he was sentenced on the new conviction), which reduced the amount of time remaining on his sentence to 14 years, 10 months and 9 days.   He became available to serve his backtime on August 4, 2003, the date he was paroled from his county sentence.  Adding 14 years, 10 months and 9 days to said date results in a parole violation maximum date of June 13, 2018.  As such, because it is clear that the new date was in fact calculated from August 4, 2003, the date Deleaver became available to serve his backtime, his claim to the contrary is clearly without merit.

Further, any claim by Deleaver that he was treated different from other parolees in violation of the Equal Protection Clause is also without merit.  Any parolee who is recommitted as a CPV by the Board is required to forfeit credit for time spent on parole pursuant to 61 P.S. § 331.21a(a).  In addition, it is clear from the record that Deleaver was not denied an explanation of how the Board calculated his new parole

maximum expiration date.  Although Deleaver contends that the Board's decision recorded January 12, 2004 failed to explain how the new date was calculated, it is clear that a letter was thereafter sent to Deleaver on February 18, 2004, setting forth a detailed explanation.  (Doc. 12, Ex. 9, Board Letter dated 2/18/04.)

For the foregoing reasons, the petition for writ of habeas corpus will be denied. An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL ANTHONY DELEAVER, :
 :
   Petitioner :
 :
  v. : CIVIL NO. 3:CV-05-1905
 :
PA. BOARD OF PROBATION AND : (Judge Kosik)
PAROLE, :
 :
   Respondent

**O R D E R**

_____**NOW,** this 28th day of March, 2006, in accordance with the accompanying

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

 1. The petition for writ of habeas corpus is **DENIED**.

 2. The Clerk of Court is directed to mark this file **CLOSED**.

 3. Based on the conclusions herein, there exists no basis for the issuance

  of a certificate of appealability.


s/Edwin M. Kosik
United States District Judge